**Fill in this information to identify your case:**

Debtor 1 John M Fusco III
First Name / Middle Name / Last Name

Debtor 2
(Spouse, if filing) First Name / Middle Name / Last Name

United States Bankruptcy Court for the: Western District of New York

Case number 25-20363
(If known)

# Official Form 427

## Cover Sheet for Reaffirmation Agreement

12/15

**Anyone who is a party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.**

## Part 1: Explain the Repayment Terms of the Reaffirmation Agreement

**1. Who is the creditor?**

Canandaigua National Bank
Name of the creditor

**2. How much is the debt?**

On the date that the bankruptcy case is filed $ 59,106.24

To be paid under the reaffirmation agreement $ 59,154.72

$______ per month for ______ months (if fixed interest rate)

**3. What is the Annual Percentage Rate (APR) of interest? (See Bankruptcy Code § 524(k)(3)(E).)**

Before the bankruptcy case was filed 7.63 %

Under the reaffirmation agreement 7.63 % ☐ Fixed rate ☑ Adjustable rate

**4. Does collateral secure the debt?**

☐ No
☑ Yes. Describe the collateral. 211 W Bloomfield Rd, Town of Pittsford

Current market value $ 435,000.00

**5. Does the creditor assert that the debt is nondischargeable?**

☑ No
☐ Yes. Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable.

**6. Using information from *Schedule I: Your Income* (Official Form 106I) and *Schedule J: Your Expenses* (Official Form 106J), fill in the amounts.**

| Income and expenses reported on Schedules I and J | | Income and expenses stated on the reaffirmation agreement | |
|---|---|---|---|
| 6a. Combined monthly income from line 12 of Schedule I | $ 8,510 | 6e. Monthly income from all sources after payroll deductions | $ |
| 6b. Monthly expenses from line 22c of Schedule J | – $ 8,472 | 6f. Monthly expenses | – $ |
| 6c. Monthly payments on all reaffirmed debts not listed on Schedule J | – $ 0 | 6g. Monthly payments on all reaffirmed debts not included in monthly expenses | – $ |
| 6d. **Scheduled net monthly income** Subtract lines 6b and 6c from 6a. If the total is less than 0, put the number in brackets. | $ 38 | 6h. **Present net monthly income** Subtract lines 6f and 6g from 6e. If the total is less than 0, put the number in brackets. | $ |

Debtor 1 Joseph ~~John~~ M Fusco III — First Name / Middle Name / Last Name — Case number (if known) 25-20363

| | | |
|---|---|---|
| **7. Are the income amounts on lines 6a and 6e different?** | ☐ No<br>☐ Yes. | Explain why they are different and complete line 10. |
| **8. Are the expense amounts on lines 6b and 6f different?** | ☐ No<br>☐ Yes. | Explain why they are different and complete line 10. |
| **9. Is the net monthly income in line 6h less than 0?** | ☐ No<br>☐ Yes. | A presumption of hardship arises (unless the creditor is a credit union). Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses. Complete line 10. |
| **10. Debtor's certification about lines 7-9**<br>If any answer on lines 7-9 is *Yes*, the debtor must sign here.<br>If all the answers on lines 7-9 are *No*, go to line 11. | | I certify that each explanation on lines 7-9 is true and correct.<br>✘ ____ Signature of Debtor 1<br>✘ ____ Signature of Debtor 2 (Spouse Only in a Joint Case) |
| **11. Did an attorney represent the debtor in negotiating the reaffirmation agreement?** | ☐ No<br>☑ Yes. | Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement?<br>☐ No<br>☑ Yes |

## Part 2: Sign Here

**Whoever fills out this form must sign here.**

**I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this *Cover Sheet for Reaffirmation Agreement*.**

✘ [signature]
Signature

Date 6/25/25
MM / DD / YYYY

DAVID H. EALY
Printed Name

Check one:

☑ Debtor or Debtor's Attorney

☐ Creditor or Creditor's Attorney

Form 2400A (12/15)

Check one.
☐ **Presumption of Undue Hardship**
☒ **No Presumption of Undue Hardship**
*See Debtor's Statement in Support of Reaffirmation, Part II below, to determine which box to check.*

# UNITED STATES BANKRUPTCY COURT

Western District of New York

In re ~~John~~ Joseph M Fusco III,
*Debtor*

Case No. 25-20363

Chapter 7

## REAFFIRMATION DOCUMENTS

**Name of Creditor:** Canandaigua National Bank

☐ Check this box if Creditor is a Credit Union

## PART I. REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A. Brief description of the original agreement being reaffirmed: Home Equity Line of Credit
*For example, auto loan*

B. ***AMOUNT REAFFIRMED***: $ 59,154.72

The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before 05/19/2025, which is the date of the Disclosure Statement portion of this form (Part V).

*See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C. The ***ANNUAL PERCENTAGE RATE*** applicable to the Amount Reaffirmed is 7.6250 %.

*See definition of "Annual Percentage Rate" in Part V, Section C below.*

This is a *(check one)* ☐ Fixed rate ☑ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

D. Reaffirmation Agreement Repayment Terms *(check and complete one)*:

☐ $________ per month for ________ months starting on____________.

☑ Describe repayment terms, including whether future payment amount(s) may be different from the initial payment amount.

Variable Rate Loan – The amount of monthly payment will be determined by the outstanding principal balance owing on the account and the prevailing interest rate. The payment amount is variable.

E. Describe the collateral, if any, securing the debt:

| | |
|---|---|
| Description: | 211 W Bloomfield Rd, Town of Pittsfo |
| Current Market Value | $ 435,000.00 |

F. Did the debt that is being reaffirmed arise from the purchase of the collateral described above?

☐ Yes. What was the purchase price for the collateral? $____________

☑ No. What was the amount of the original loan? $ 60,000.00

G. Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

| | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due *(including fees and costs)* | $ 59,154.72 | $ 59,154.72 |
| Annual Percentage Rate | ______% | ______% |
| Monthly Payment | $______ | $______ |

H. ☐ Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit:

## PART II. DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

A. Were you represented by an attorney during the course of negotiating this agreement?

Check one. ☒ Yes ☐ No

B. Is the creditor a credit union?

Check one. ☐ Yes ☒ No

C. If your answer to EITHER question A. or B. above is "No," complete 1. and 2. below.

1. Your present monthly income and expenses are:

a. Monthly income from all sources after payroll deductions (take-home pay plus any other income) $ 8,510

b. Monthly expenses (including all reaffirmed debts except this one) $ 8,332

c. Amount available to pay this reaffirmed debt (subtract b. from a.) $ 1,078

d. Amount of monthly payment required for this reaffirmed debt $ 1040

*If the monthly payment on this reaffirmed debt (line d.)* ***is greater than*** *the amount you have available to pay this reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

2. You believe that this reaffirmation agreement will not impose an undue hardship on you or your dependents because:

Check one of the two statements below, if applicable:

☒ You can afford to make the payments on the reaffirmed debt because your monthly income is greater than your monthly expenses even after you include in your expenses the monthly payments on all debts you are reaffirming, including this one.

☐ You can afford to make the payments on the reaffirmed debt even though your monthly income is less than your monthly expenses after you include in your expenses the monthly payments on all debts you are reaffirming, including this one, because:

Use an additional page if needed for a full explanation.

D. If your answers to BOTH questions A. and B. above were "Yes," check the following statement, if applicable:

☐ You believe this Reaffirmation Agreement is in your financial interest and you can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

## PART III. CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I hereby certify that:

(1) I agree to reaffirm the debt described above.

(2) Before signing this Reaffirmation Agreement, I read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

(3) The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

(4) I am entering into this agreement voluntarily and am fully informed of my rights and responsibilities; and

(5) I have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S) (If this is a joint Reaffirmation Agreement, both debtors must sign.):

Date 6/25/2025 Signature [signature]
*Debtor*

Date ______________ Signature ______________________________
*Joint Debtor, if any*

**Reaffirmation Agreement Terms Accepted by Creditor:**

Creditor Canandaigua National Bank and Tru: 1150 Pittsford-Victor Rd, Pittsford, NY 14534
*Print Name* *Address*

Brenda Whitney [signature] 05/19/2025
*Print Name of Representative* *Signature* *Date*

## PART IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date 6/25/25 Signature of Debtor's Attorney [signature]

Print Name of Debtor's Attorney DAVID H. EALY

## PART V. DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

**Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I above) and these additional important disclosures and instructions.**

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, which are detailed in the Instructions provided in Part V, Section B below, are not completed, the Reaffirmation Agreement is not effective, even though you have signed it.

### A. DISCLOSURE STATEMENT

1. **What are your obligations if you reaffirm a debt?** A reaffirmed debt remains your personal legal obligation to pay. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the Reaffirmation Agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2. **Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3. **What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage, or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4. **How soon do you need to enter into and file a reaffirmation agreement?** If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this form that require a signature have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required. However, the court may extend the time for filing, even after the 60-day period has ended.

5. **Can you cancel the agreement?** You may rescind (cancel) your Reaffirmation Agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your Reaffirmation Agreement is filed with the court, whichever occurs later. To rescind (cancel) your Reaffirmation Agreement, you must notify the creditor that your Reaffirmation Agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

6. **When will this Reaffirmation Agreement be effective?**

a. **If you *were* represented by an attorney during the negotiation of your Reaffirmation Agreement and**

i. **if the creditor is not a Credit Union,** your Reaffirmation Agreement becomes effective when it is filed with the court unless the reaffirmation is presumed to be an undue hardship. If the Reaffirmation Agreement is presumed to be an undue hardship, the court must review it and may set a hearing to determine whether you have rebutted the presumption of undue hardship.

ii. **if the creditor is a Credit Union,** your Reaffirmation Agreement becomes effective when it is filed with the court.

b. **If you *were not* represented by an attorney during the negotiation of your Reaffirmation Agreement,** the Reaffirmation Agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your Reaffirmation Agreement. You must attend this hearing, at which time the judge will review your Reaffirmation Agreement. If the judge decides that the Reaffirmation Agreement is in your best interest, the agreement will be approved and will become effective. However, if your Reaffirmation Agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your Reaffirmation Agreement.

7. **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the Reaffirmation Agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

## B. INSTRUCTIONS

1. Review these Disclosures and carefully consider your decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2. Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3. If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney (Part IV above).

4. You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 427).

5. *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement" unless your Reaffirmation Agreement is for a consumer debt secured by a lien on your real property, such as your home.* You can use Form 2400B to do this.

## C. DEFINITIONS

1. **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The total amount of debt includes any unpaid fees and costs that you are agreeing to pay that arose on or before the date of disclosure, which is the date specified in the Reaffirmation Agreement (Part I, Section B above). Your credit agreement may obligate you to pay additional amounts that arise after the date of this disclosure. You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this disclosure.

2. **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law. The annual percentage rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3. **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.

investing in you | Canandaigua National Bank & Trust

72 South Main Street
Canandaigua, NY 14424

585-394-4260
www.cnbank.com

Joseph M. Fusco III

211 W Bloomfield Rd
Pittsford NY 14534

May 19, 2025

Subject: Joseph M. Fusco III

Account Minor: CNB FlexEquity

Dear Joseph:

The amount needed to fully satisfy the above subject loan on PAYOFF DATE: 05-19-2025
is **found in the New Total field below.** The folowing table describes the Payoff Date amount in detail:

| Balance Description | Due Bank | Due Customer | Per Diem After 05-19-2025 |
|---|---|---|---|
| Note Balance | $58,016.33 | | $12.12 |
| Note Interest | $905.82 | | |
| Late Charge Balance | $102.57 | | |
| Draw < $500 | $20.00 | | |
| Mortgage Discharge Charge | $110.00 | | |
| Totals: | $59,154.72 | $.00 | |

**New Total** ________________

Prepare Discharge?
Customer's forwarding address:

Send Discharge to:

The payoff amount listed above includes (as applicable) principal, interest, Mortgage Discharge charge, late fees and any escrow balance as of the PAYOFF DATE shown above.

Your total payoff may include additional fees that are not reflected on this statement if:

- There is a regular payment outstanding and the grace period expires prior to the date your loan is paid in full;
- Your loan type requires that you reimburse the bank for fees the bank has paid on your behalf if your loan account is closed within a certain timeframe; or
- Your loan is in collection.

Please direct any questions that you may have regarding this loan payoff to our Customer Call Center at 585-394-4260 or 800-724-2621.

Sincerely,

*Brenda S. Whitney*

CREDIT LINE MORTGAGE

Date: December 5, 2022

**Mortgagors** JOSEPH M. FUSCO and
residing at 211 West Bloomfield Road, Pittsford, New York 14534

**Mortgagee** THE CANANDAIGUA NATIONAL BANK AND TRUST COMPANY, (NMLSR#501867), a national banking association having its principal office at 72 South Main Street, Canandaigua, New York 14424

The Mortgagor promises and agrees as follows:

1. Agreement: The Credit Line Agreement signed by Mortgagor, or any note, credit agreement or other financing agreement executed by either mortgagor, and any amendments of those agreements will be called "the Credit Line Agreement" in this Mortgage.

2. Maximum debt secured: The maximum principal indebtedness which is secured by this Mortgage on the date of this mortgage or which may become secured by this Mortgage at any time after the date of this Mortgage under any contingency is U.S. **SIXTY THOUSAND AND 00/100 DOLLARS ($60,000.00)**, together with interest according to the terms of the Credit Line Agreement, taxes, insurance premiums and other expenses paid or incurred by the Mortgagee to preserve the mortgage lien or mortgaged property and any other amounts payable according to the terms of the Credit Line Agreement.

3. Underlying debt, future advances: This Mortgage is made pursuant to Section 281 of the Real Property Law of the State of New York. This mortgage secures all principal sums of money advanced under the Credit Line Agreement, whether the entire amount shall have been advanced to the Mortgagor at the date of this Mortgage or at a later date, or having been advanced, at any time, shall have been repaid and further advances made thereafter. Mortgagee is required to make future advances in accordance with the Credit Line Agreement.

4. Open end-notice: This Mortgage is an "Open-end" Mortgage securing loans made under an Agreement which may contain ADJUSTABLE RATE FINANCE CHARGE provisions. The Agreement may provide that the annual interest rate will change.

5. Interest rate limitation: The maximum interest rate is 16.98%. Decreases in the annual interest rate will occur as the Prime Rate decreases in accordance with the terms of the Credit Line Agreement. Mortgagor acknowledges that advance notice of changes in the annual interest rate will not be provided.

6. Maturity: This Mortgage, if not sooner paid, shall be all due and payable 20 (twenty) years from the date of this instrument unless continued in writing by the Bank. Mortgagee, at its option, may extend the draw period or maturity of the mortgage or the obligations secured thereby.

7. Transfer of rights in the Property: The Mortgagor hereby mortgages to the Mortgagee the Property described in this Mortgage. MORTGAGOR CAN LOSE THE PROPERTY FOR FAILURE TO KEEP THE PROMISES IN THIS MORTGAGE.

8. Property mortgaged: The Property mortgaged (the "Property"), more commonly described as 211 West Bloomfield Road, Town of Pittsford, Monroe County, New York, as described in a Deed recorded in the Office of the Clerk of the County of Monroe on June 28, 2021, in Liber 12521 of Deeds at page 213.

*See Schedule "A"*

a) Together with the buildings and improvements on the Property.
b) Together with all the Mortgagor's right, title and interest in the streets next to the property to their center lines.
c) Together with all fixtures and personal property which now is or which later may be attached to or used or useful in connection with the Property. This does not include household furniture.
d) Together with all condemnation awards for any taking by a government or agency of the whole or part of the real Property or any easement in connection with the Property. This includes awards for changes of grade of streets.
e) The Property mortgaged is improved or to be improved by a one-family owner-occupied residence or dwelling.

9. Payment and late charge: Mortgagor will pay the Debt as promised in the Credit Line Agreement according to its terms. If any payment is overdue more than 15 days, an additional charge will be due to Mortgagee to cover the cost of delay. This late charge shall be 2% of the overdue payment.

10. Insurance: Mortgagor will keep the buildings on the Property insured against loss by fire and other hazards for which Lender requires coverage including floods and flooding. The amount shall be approved by Mortgagee but shall not exceed full replacement value of the buildings. Mortgagor will assign and deliver the policies to Mortgagee. The policies shall contain the standard New York Mortgage clause in the name of Mortgagee. If Mortgagor fails to keep the buildings insured, Mortgagee may obtain the insurance. Within 30 days after notice and demand, Mortgagor must insure the Property against war risk and any other risk reasonably required by Mortgagee.

11. Maintenance: Mortgagor will keep the Property in reasonably good repair.

12. Taxes, etc: Mortgagor will pay all taxes, assessments, sewer rents or water rates within 30 days after they are due. Mortgagor must show receipts for these payments within 10 days of Mortgagee's demand for them.

V479216

13. Expenses of Mortgagee: Mortgagor must pay all expenses of Mortgagee, including reasonable attorney's fees, if (a) Mortgagee is made a party in a suit relating to the Property, or (b) Mortgagee sues anyone to protect or enforce Mortgagee's rights under this Mortgage.

14. Mortgagee's right to cure: Mortgagor authorizes Mortgagee to make payments necessary to correct a default of Mortgagor under Paragraphs 10, 12, and 13 of this Mortgage. Payments made by Mortgagee together with interest at the rate provided in the Credit Line Agreement from the date paid until the date of repayment shall be added to the Debt and secured by this Mortgage. Mortgagor shall make repayment with interest within 10 days after demand.

15. Statement of the amount due (estoppel): Within five days after request in person or within ten days after request by mail, Mortgagee shall give to Mortgagor a signed statement of the amount due on this Mortgage and whether there are any offsets or defenses against the Debt.

16. Title: Mortgagor warrants the title to the Property. Mortgagor is responsible for any costs or losses of the Mortgagee if an interest in the property is claimed by others.

17. Cure violations: Mortgagor shall comply with any law or governmental order or cure any legal violation concerning the Property. Mortgagor shall comply within 90 days after the order or violation is issued or the law takes effect.

18. Lien Law Section 13: Mortgagor will receive the advances secured by this mortgage, made for the purpose of improving the property, as a trust fund. The advances will be applied first for the purpose of paying the cost of improvement. Mortgagor will apply the advances first to the payment of the cost of improvements before using any part of the total of the advances for any other purpose.

19. Inspections: Mortgagee and any person authorized by the Mortgagee may enter and inspect the property at reasonable times.

20. Financing statements: Mortgagor authorizes Mortgagee to file without Mortgagor's signature one or more financing statements as permitted by law to perfect the security interest of this Mortgage.

21. Default, when full amount of debt due immediately: Mortgagee may declare the full amount of the Debt to be due and payable immediately for any default.

The following are defaults:

a) Any minimum payment due on the account is not paid by the date it becomes due;
b) Mortgagee discovers that Mortgagor engaged in fraud or made a material misrepresentation to induce Mortgagee to open the account or otherwise did so in connection with the account;
c) Mortgagor acts or fails to act in any way that adversely affects the lien, any of the real estate or any of Mortgagee's rights in any of the real estate;
d) Mortgagor alters, demolishes or removes the buildings or any improvements from the property or sells the property or any part of it, including by "land contract", without the express written consent of Mortgagee;
e) Mortgagor uses any of the property illegally;
f) Mortgagor's failure to pay any tax or similar governmental charge on any of the property if such a failure could result in a lien on any of the property superior to the lien of this mortgage;
g) Mortgagor fails to maintain insurance on the property;
h) Mortgagor dies and as a result ownership of any of the property is transferred to anyone who is not obligated to pay the mortgage;
i) The property or any part of the property is condemned;
j) A judgment is filed against any of the Property or a foreclosure of or sheriff's sale or any lien or any of the real estate which is superior to the lien of this mortgage is commenced and Mortgagee's lien or any of Mortgagee's rights in any of the real estate are adversely affected.

22. Sale: If Mortgagor defaults under this Mortgage and the Property is to be sold at a foreclosure sale, the Property may be sold in one parcel.

23. Receiver: If Mortgagee sues to foreclose the Mortgage, Mortgagee shall have the right to have a receiver appointed to take control of the Property.

24. Payment of rent and eviction after default: If there is a Default under this Mortgage, Mortgagor must pay monthly in advance to Mortgagee, or to a receiver who may be appointed to take control of the property, the fair rental for the use and occupancy of the part of the Property that is in the possession of the Mortgagor. If Mortgagor does not pay the rent when due, Mortgagor will vacate and surrender the property to Mortgagee or to the receiver. Mortgagee may evict the Mortgagor by summary proceedings or other court proceedings.

25. Applicable law: Mortgagee shall have all the rights set forth in Section 254 of the New York Real Property Law in addition to Mortgagee's rights set forth in this Mortgage, even if the rights are different from each other.

26. No waiver: Delay or failure of Mortgagee to take any action will not prevent Mortgagee from taking action later. Mortgagee may enforce those rights Mortgagee chooses without giving up any other rights.

27. Notices: Notices, demands or requests may be in writing and may be delivered in person or sent by mail.

28. No oral changes: This Mortgage may not be changed or ended orally.

29. Who is bound: If there is more than one Mortgagor, each shall be separately liable. The words "Mortgagor" and "Mortgagee" shall include their heirs, executors, administrators, successors and assigns. If there is more than one Mortgagor or Mortgagee, the words "Mortgagor" and "Mortgagee" used in this Mortgage includes them.

Rev. 04/16/2014 enz

The Mortgagor states that the Mortgagor has read this Mortgage, received a completely filled in copy of it and has signed this Mortgage as of the date at the top of the first page.

Joseph M. Fusco

Loan Originator/Closer: Amanda A. Steele NMLSR# 1157226
(Print Name as it Appears in NMLSR)

STATE OF NEW YORK)
COUNTY OF MONROE) ss:

On the 5th day of December, 2022, before me, the undersigned a notary public in and for the State of New York, personally appeared Joseph M. Fusco and Megan R. Fusco, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signatures(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

IVA D. DOSER
Notary Public, State of New York
Monroe County Reg #01DO6176982
Commission Expires 11/05/2023

Notary Public

**SCHEDULE A**

ALL THAT TRACT OR PARCEL OF LAND, SITUATE IN THE TOWN OF PITTSFORD, COUNTY OF MONROE AND STATE OF NEW YORK, AND BEING PART OF TOWN LOT NO. 6, AND MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE WEST BOUNDARY LINE OF WEST BLOOMFIELD ROAD AND THE SOUTH PROPERTY LINE OF THE GEORGE MERCIER PROPERTY IN TOWN LOT NO. 6 IN THE TOWN OF PITTSFORD; THENCE WESTERLY 0.25 FEET CONTINUING ALONG SAID SOUTH PROPERTY LINE TO A POINT; THENCE WESTERLY 184.75 FEET ALONG SAID SOUTH PROPERTY LINE WITH AN INTERSECTION ANGLE OF 180° 53' 41" TO A POINT; THENCE NORTHERLY 143.13 FEET WITH AN INTERIOR ANGLE OF 87° 26' 33" TO A POINT; THENCE EASTERLY 159.89 FEET WITH AN INTERIOR ANGLE OF 90° TO A POINT; THENCE 47.38 FEET ON A CURVE TO THE RIGHT WITH A RADIUS OF 30 FEET TO A POINT ON THE SAID WEST BOUNDARY LINE OF WEST BLOOMFIELD ROAD; THENCE SOUTHERLY 104.52 FEET ALONG SAID WEST BOUNDARY LINE OF WEST BLOOMFIELD ROAD ON A CURVE TO THE RIGHT HAVING A RADIUS OF 1885.11 FEET TO THE POINT OF BEGINNING.

SAID BEGINNING POINT AT THE INTERSECTION OF THE WEST BOUNDARY LINE OF WEST BLOOMFIELD ROAD AND THE SAID SOUTH PROPERTY LINE OF THE GEORGE MERCIER PROPERTY IN TOWN LOT NO. 6, PITTSFORD, IS 861 FEET MORE OR LESS, SOUTHERLY ALONG SAID WEST BOUNDARY LINE OF WEST BLOOMFIELD ROAD FROM THE INTERSECTION OF THE SAID WEST BOUNDARY LINE WITH THE NORTH LINE OF SAID TOWN LOT NO. 6

The above-described premises are improved by a single-family dwelling.
Property Address: 211 West Bloomfield Road, Pittsford, NY 14534
Tax Map No.: 178.03-2-40

R/R: Canandaigua National Bank and Trust Company
72 South Main Street
Canandaigua, New York 14424
Attn; Scanning Department

Rev. 04/16/2014 enz