UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In Re:

JOSEPH M. FUSCO III,

Case No. 25-20363

Chapter 7

*Debtor.*

---

## NOTICE OF MOTION
## FOR SANCTIONS FOR WILLFUL VIOLATION
## OF THE AUTOMATIC STAY

**PLEASE TAKE NOTICE** that Debtor will move this Court at the United States Bankruptcy

Court, 100 State Street, Rochester, New York 14614, on a date to be determined by the Court, for

an Order:

1. Finding Respondents Lisa S. Siragusa, Esq., Kristen H. Porpora, Esq., and Siragusa Law
   Office in willful violation of the automatic stay under 11 U.S.C. § 362(a);

2. Awarding actual damages of $272,500 and punitive damages of $750,000
   pursuant to 11 U.S.C. § 362(k);

3. Declaring the May 16, 2025 Order for Attorney's Fees void ab initio;

4. Permanently enjoining collection efforts;

5. Disqualifying Respondents from adverse representation due to creditor conflict;

6. Granting such other relief as just and proper.

/s/ Joseph M. Fusco III

*Pro Se Debtor*

211 W Bloomfield Road

Pittsford, NY 14534

hello@josephfus.co

(585) 317-1707

Dated: August 18, 2025

TO:

**Lisa S. Siragusa, Esq.**

**Kristen H. Porpora, Esq.**

SIRAGUSA LAW OFFICE

19 Prince Street

Rochester, NY 14607

**Kenneth W. Gordon, Esq.**

Chapter 7 Trustee

625 Honeoye Falls Five Points Road

Honeoye Falls, NY 14472

**U.S. Trustee**

Olympic Towers

300 Pearl Street, Suite 401

Buffalo, NY 14202

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ................................................................................... 2

I. THE AUTOMATIC STAY AROSE IMMEDIATELY UPON FILING ..................................... 4

II. RESPONDENTS' VIOLATIONS WERE WILLFUL .................................................... 5

III. EACH DAY CONSTITUTES A SEPARATE VIOLATION ........................................... 6

IV. ATTORNEYS ARE HELD TO THE HIGHEST STANDARD .......................................... 7

V. THE CREDITOR CONFLICT REQUIRES DISQUALIFICATION ..................................... 8

VI. RESPONDENTS ORCHESTRATED THE VIOLATION .............................................. 9

VII. DAMAGES ........................................................................................ 10

      A. ACTUAL DAMAGES ............................................................................ 10

      B. PUNITIVE DAMAGES ......................................................................... 10

CONCLUSION ......................................................................................... 11

DECLARATION OF JOSEPH M. FUSCO III ........................................................ 12-13

EXHIBITS ............................................................................................ 14

      EXHIBIT 1 - SUGGESTION OF BANKRUPTCY ................................................... 15

      EXHIBIT 2 - ORDER FOR ATTORNEYS FEES ................................................... 16

      EXHIBIT 3 - STATE COURT ENFORCING VOID ORDER .......................................... 17

      EXHIBIT 4 - OCTOBER 2024 BANKRUPTCY REQUIREMENT ................................... 18-19

      EXHIBIT 5 - WITHDRAWAL FROM JOINT BANKRUPTCY FILING ................................... 20

      EXHIBIT 6 - CONTRADICTORY POSITIONS ON BANKRUPTCY ..................................... 21

      EXHIBIT 7 - REJECTION OF FEDERAL AUTHORITY (32 DAYS) ................................ 22-23

      EXHIBIT 8 - CONTINUED COLLECTION ATTEMPTS (64 DAYS) ................................ 24-25

      EXHIBIT 9 - RENEWED FEE DEMANDS (83 DAYS) .............................................. 26

      EXHIBIT 10 - RESPONDENTS' FINANCIAL STATEMENT ($3,348,783.16) ...... 27-28

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In Re:

      JOSEPH M. FUSCO III,

                    *Debtor.*

Case No. 25-20363

Chapter 7

---

# MEMORANDUM OF LAW
# IN SUPPORT OF MOTION FOR SANCTIONS

## PRELIMINARY STATEMENT

This case presents a straightforward question: What happens when attorneys, with actual knowledge of a bankruptcy filing, deliberately obtain a money judgment against the debtor one day later? Under Second Circuit precedent and 11 U.S.C. § 362(k), they face substantial sanctions.

On May 16, 2025, one day after receiving electronic notice of Debtor's bankruptcy filing in the United States Bankruptcy Court, Respondents submitted and obtained a $15,000 judgment against Debtor personally. The timeline of events indicates that Respondents had actual knowledge of the bankruptcy filing when they obtained the judgment. Such conduct warrants sanctions under 11 U.S.C. § 362(k).

1

# STATEMENT OF FACTS

1. On May 15, 2025, at 11:53 AM, Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. (Exhibit 1).

2. All parties, including Respondents, received immediate electronic notice through NYSCEF. (Exhibit 1).

3. On February 10, 2025, Respondents had filed a motion seeking $15,000 in attorney's fees against Debtor personally. (Exhibit 2).

4. The motion was heard April 28, 2025. (Exhibit 2).

5. On May 16, 2025—one business day after the bankruptcy filing—Respondents submitted a proposed Order for Attorney's Fees to the Monroe County Supreme Court. (Exhibit 2).

6. The order, signed that same day, awards "$15,000" to "Lisa S. Siragusa, Esq. payable by Joseph M. Fusco." (Exhibit 2).

7. On May 28, 2025, when Debtor inquired about "the automatic stay's effect on existing orders," the state court responded that "All existing Orders are in complete force and effect." (Exhibit 3).

8. Respondents, copied on this exchange, remained silent. Despite the automatic stay's effect on the order, Respondents continued its enforcement. (Exhibit 3).

9. During a court appearance on May 15, 2025—mere hours after the bankruptcy filing—Respondent Siragusa demanded that Debtor surrender his vehicle. (Declaration 8).

10. By obtaining this judgment, Respondents transformed themselves into Debtor's creditors while continuing to represent his litigation adversary.

11. On March 7, 2025, these same Respondents successfully moved to disqualify Debtor's counsel for representing Debtor's wife's father in divorces over thirty years ago. (Declaration 9).

12. Following the bankruptcy filing, Respondents continued violating the stay:

    a.  June 16, 2025: Letter rejecting bankruptcy authority (Exhibit 7)

    b.  July 18, 2025: Motion for sanctions and fees (Exhibit 8)

    c.  August 6, 2025: Renewed fee demands to new judge (Exhibit 9)

13. Respondents' own filings reveal firm assets of $3,348,783.16, demonstrating ability to pay and eliminating any hardship defense. (Exhibit 10)

# ARGUMENT

## I. THE AUTOMATIC STAY AROSE IMMEDIATELY UPON FILING

14. The automatic stay of § 362(a) is self-executing and arises immediately upon the filing of a bankruptcy petition. In *re Crysen/Monaghan Energy Co.*, 902 F.2d 1098, 1104 (2d Cir. 1990).

15. Section 362(a)(6) specifically prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a)(6).

16. Obtaining a money judgment for pre-petition attorney's fees squarely violates this provision.

## II. RESPONDENTS' VIOLATIONS WERE WILLFUL

17. Under § 362(k)(1), an "individual injured by any willful violation of a stay... shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

18. The Second Circuit defines "willfulness" as requiring only: (1) knowledge of the automatic stay, and (2) intentional action taken in violation of the stay. Crysen/Monaghan, 902 F.2d at 1105.

19. There is no requirement of specific intent to violate the stay. Id.

20. Here, both elements are satisfied:

    a. Knowledge: Respondents received NYSCEF notice on May 15, 2025, at 11:53 AM. (Exhibit 1).

    b. Intentional Action: Respondents submitted their proposed order on May 16, 2025. (Exhibit 2).

21. This was not accidental. The order had been pending since the April 28 hearing. Respondents chose to submit it immediately after the bankruptcy filing.

## III. EACH DAY OF ENFORCEMENT CONSTITUTES A SEPARATE VIOLATION

22. Courts recognize that maintaining enforcement of a void order constitutes continuing violations. In re *Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003); In re *Perviz*, 302 B.R. 357, 367 (Bankr. N.D. Ohio 2003).

23. From May 16, 2025 through August 18, 2025—a period of 95 days—Respondents have maintained the judgment without acknowledging the automatic stay's effect.

24. Under Perviz, courts regularly award $500 to $1,000 per day for such continuing violations by attorneys. 302 B.R. at 369.

## IV. ATTORNEYS ARE HELD TO THE HIGHEST STANDARD

25. "Attorneys, as officers of the court, are charged with knowledge of the law." In *re Havelock*, 2015 WL 1514130, at *5 (Bankr. E.D. Mich. 2015).

26. When attorneys violate the automatic stay, courts impose substantial sanctions to maintain the integrity of the bankruptcy system. In *re Sundquist*, 2013 WL 1788321, at *8 (Bankr. E.D. Mich. 2013) (awarding $250,000 in punitive damages against attorney).

27. Respondents are experienced matrimonial attorneys who regularly appear in cases involving bankruptcy issues. The circumstances indicate deliberate action rather than inadvertent error.

## V. THE CREDITOR CONFLICT REQUIRES DISQUALIFICATION

28. Rule 1.7(a)(2) prohibits representation where "there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial... interest." N.Y. Rules Prof'l Conduct R. 1.7(a)(2).

29. A lawyer holding a $15,000 judgment against opposing party cannot provide unconflicted representation.

30. Every litigation decision—whether to settle, what demands to make, how aggressively to litigate—is now tainted by Respondents' financial interest in maintaining their position.

## VI. RESPONDENTS ORCHESTRATED THE VIOLATION

31. The sequence of events demonstrates a deliberate pattern. Respondents drafted the October 2024 order requiring both parties to file bankruptcy jointly. (Exhibit 4).

32. On April 25, 2025, one day before the scheduled joint filing, Respondent Siragusa contacted bankruptcy attorney Raymond C. Stilwell, Esq., and represented that no court order existed. This misrepresentation caused Mr. Stilwell to withdraw from representation after six months of preparation, when Respondent's client subsequently abandoned the joint filing. (Exhibit 5).

33. On May 14, 2025, Respondent Porpora filed an affirmation with the state court asserting that "court-ordered bankruptcy... is incorrect." (Exhibit 6).

34. Following these contradictory positions regarding the joint filing requirement, Debtor filed individually on May 15, 2025. The next business day, May 16, 2025, Respondents obtained their $15,000 personal judgment against Debtor despite actual knowledge of the bankruptcy filing.

35. This sequence of events demonstrates a deliberate pattern: Respondents first secured a court order requiring joint bankruptcy, then undermined that very order through misrepresentations to bankruptcy counsel, and finally exploited the resulting individual filing to obtain a judgment in violation of the automatic stay.

36. Courts impose enhanced sanctions where attorneys deliberately manufacture the circumstances leading to stay violations. In *re Sundquist*, 2013 WL 1788321, at *8 (Bankr. E.D. Mich. 2013) (pattern of attorney misconduct warrants maximum sanctions).

37. The sequence of events—from the October 2024 order requiring joint bankruptcy through the subsequent individual filing and immediate judgment—demonstrates a pattern of conduct that warrants enhanced damages under applicable precedent.

## VII. DAMAGES

## A. ACTUAL DAMAGES

38. Continuing Violations:

    a.  Per diem: 95 days × $500 = $47,500

    b.  Three discrete post-bankruptcy filings: $150,000

    c.  Total continuing violations: $197,500

39. Vehicle Demand Violation: $25,000

40. Orchestration Enhancement: $50,000

41. Total Actual Damages: $272,500

## B. PUNITIVE DAMAGES

42. The Second Circuit recognizes punitive damages are appropriate where violators act with "reckless or callous disregard for the law or rights of others." *Crysen/Monaghan*, 902 F.2d at 1106.

43. Obtaining a judgment one day after bankruptcy, then continuing violations for 95 days despite written notice of the stay, demonstrates extraordinary callous disregard.

44. Given Respondents' $3.35 million in assets and pattern of conduct, a punitive award of $750,000 is warranted.

45. **Total Damages: $1,022,500**

## CONCLUSION

46. The automatic stay is "one of the fundamental debtor protections provided by the bankruptcy laws." *Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Prot.*, 474 U.S. 494, 503 (1986). When attorneys deliberately violate this protection, substantial sanctions must follow.

47. Respondents had actual knowledge of the bankruptcy. Despite actual knowledge, Respondents obtained and continue to enforce the judgment. This conduct warrants the sanctions provided under 11 U.S.C. § 362(k).

48. The pattern of violations over 95 days, including written correspondence challenging the stay's applicability, demonstrates a continued disregard for the automatic stay provisions.

WHEREFORE, Debtor respectfully requests this Court grant the relief requested in the Notice of Motion.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In Re:

JOSEPH M. FUSCO III,

*Debtor.*

Case No. 25-20363

Chapter 7

---

## DECLARATION OF JOSEPH M. FUSCO III

JOSEPH M. FUSCO III, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury:

1. I am the Debtor in this Chapter 7 proceeding with personal knowledge of these facts.

2. May 15, 2025: I filed bankruptcy. All parties received NYSCEF notice. (Exhibit 1).

3. May 16, 2025: Respondents submitted and obtained a $15,000 judgment against me for pre-petition attorney fees (motion filed February 10, 2025). (Exhibit 2).

4. May 28, 2025: When I raised the automatic stay, the court stated "All existing Orders are in complete force and effect." Respondents were copied. They remained silent. (Exhibit 3).

5. Hours after bankruptcy on May 15 at a state court conference, Respondent Siragusa demanded I surrender my vehicle—estate property.

6. March 7, 2025: Respondents disqualified my attorney for representing my wife's father 30 years ago. They now hold a $15,000 judgment against me while representing my adversary.

7. The Orchestration:

   a. Respondents drafted an October 2024 state order requiring joint bankruptcy.

    b. **April 25, 2025:** Siragusa told our attorney no such order existed, ultimately causing Respondent's client to withdraw from the joint filing.

    c. **May 14:** Respondents filed stating,

        "court-ordered bankruptcy... is incorrect."

    d. **May 15:** I was forced to file individually.

    e. **May 16:** They took their judgment. (Exhibits 4-6).

8. Continuing Violations After Bankruptcy:

    a. **June 16:** Respondents sent letter stating bankruptcy "does not extinguish" state court jurisdiction (Exhibit 7)

    b. **July 18:** Filed motion seeking attorney fees - 64 days after bankruptcy (Exhibit 8)

    c. **August 6:** Renewed fee demands in state court to new judge - 83 days after bankruptcy (Exhibit 9)

    d. Respondents have $3.35 million in firm accounts per their February state filing (Exhibit 10)

9. Damages: Since the bankruptcy filing, I have been excluded from my home and office, with carrying costs of $4,000/month for 95 days.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Joseph M. Fusco III

*Pro Se Debtor*

211 W Bloomfield Road

Pittsford, NY 14534

hello@josephfus.co

(585) 317-1707

Dated: August 18, 2025

# EXHIBITS

Case 2-25-20363-PRW, Doc 34, Filed 08/18/25, Entered 08/18/25 14:45:40, Description: Main Document , Page 17 of 31

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

**EXHIBIT 1**

Joseph M. Fusco III                )
                Plaintiff,        )
                        )        CASE NO. I2024000429
              vs.        )
Megan R. Fusco                )
                        )
           Defendant(s).        )
                        )

## SUGGESTION OF BANKRUPTCY

COMES NOW the Defendant, __Joseph M. Fusco, III__, through his/her undersigned attorney, and would show the Court:

1.    He/She has filed a petition for relief under Title 11, United States Code, in the United States Bankruptcy Court for the __Western District of New York__, which bears the case number __2-25-20363__.

2.    Relief was ordered on __.

3.    This action is founded on a claim from which a discharge would be a release or that seeks to impose a charge on the property of the estate.

4.    This is for informational purposes only, and does not constitute a notice of appearance by the undersigned.

WHEREFORE, the defendant suggests that this action has been stayed by the operation of 11 U.S.C. § 362.

                        David H. Ealy, Esq. 2029832
                        Attorney for Debtor
                        **CRISTO LAW GROUP LLC**
                        **d/b/a Trevett Cristo**
                        **45 Exchange Blvd., Suite 888**
                        **Rochester, NY 14614**
                        **(585) 454-2181**
                        **Fax: (585) 454-4026**
                        **dealy@trevettcristo.com**

IT IS HERBY CERTIFIED that a copy of the foregoing Suggestion of Bankruptcy was served by NYSCEF to __Megan R. Fusco__, this __May 15, 2025__.

                        Joseph M. Fusco III

15

**EXHIBIT 2**

SUPREME COURT
STATE OF NEW YORK   COUNTY OF MONROE

JOSEPH M. FUSCO,
                    Plaintiff,

                                                    ORDER FOR ATTORNEY'S FEES

Vs.

                                                    Index No. I2024000429

MEGAN FUSCO,
                    Defendant.

**NOTICE:     YOUR WILLFUL FAILURE TO OBEY THIS ORDER MAY, AFTER COURT HEARING, RESULT IN YOUR COMMITMENT TO JAIL FOR A TERM NOT TO EXCEED SIX (6) MONTHS, FOR CONTEMPT OF COURT.**

A Motion having been filed with this Court on February 10, 2025, requesting an

award of attorney's fees in the amount of $15,000.00; and the matter having been

heard by the Honorable Gail A. Donofrio on April 28, 2025; and upon examining the

motion papers and supporting affidavit and hearing argument in relation thereto; and

Lisa S. Siragusa, Esq., having appeared with the Defendant, Megan Fusco; and the

Plaintiff, Joseph M. Fusco having appeared Pro Se; it is therefore,

ORDERED that the motion is granted and an award of attorney's fees is granted

to Lisa S. Siragusa, Esq. payable by Joseph M. Fusco in the amount of $15,000.00.

Dated: _May 11_, 2025
       Rochester, New York

                                        _____
                                        Hon. Gail A. Donofrio
                                        Justice of the Supreme Court


**From:** **Alison M. Carling** ACARLING@nycourts.gov
**Subject:** RE: I2024000429 JOSEPH M FUSCO III v. MEGAN R FUSCO
**Date:** May 28, 2025 at 3:21 PM
**To:** hello@josephfus.co
**Cc:** Lisa@SiragusaLawOffice.com, kporpora@siragusalawoffice.com,
Kathleen Saltrelli ksaltrel@nycourts.gov

Mr. Fusco,
While this Court appreciates your need for guidance, this Court is prohibited from providing any legal advice to litigants. You, at any time, have the absolute right to consult and retain counsel.

Alison M. Carling, Esq.
Principal Law Clerk to the Hon. Gail A. Donofrio
Monroe County Supreme Court
(585) 371-3499

> **From:** hello@josephfus.co <hello@josephfus.co>
> **Sent:** Wednesday, May 28, 2025 3:05 PM
> **To:** Alison M. Carling <ACARLING@nycourts.gov>
> **Cc:** Lisa@SiragusaLawOffice.com; kporpora@siragusalawoffice.com;
> ; Kathleen Saltrelli <ksaltrel@nycourts.gov>
> **Subject:** Re: I2024000429 JOSEPH M FUSCO III v. MEGAN R FUSCO
>
> Ms. Carling,
>
> Thank you for clarifying. Since my bankruptcy filing on May 15, 2025 triggers 11 U.S.C. § 362(a), what procedure should I follow to address the automatic stay's effect on existing orders?
>
> Respectfully,
> Joseph M. Fusco III

>> On May 28, 2025, at 2:32 PM, Alison M. Carling <ACARLING@nycourts.gov> wrote:
>>
>> Dear Mr. Fusco,
>> The Court is in receipt of your proposed Order and your recent correspondence. This Court scheduled the OTSC to be heard on August 8, 2025, at 10 am. No interim relief was requested nor was any granted. This court will hear arguments on August 8th as scheduled. All existing Orders are in complete force and effect and any modifications will not be addressed until the August 8, 2025, scheduled appearance.
>>
>> Alison M. Carling, Esq.
>> Principal Law Clerk to the Hon. Gail A. Donofrio
>> Monroe County Supreme Court
>> (585) 371-3499



**EXHIBIT 4**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

---

JOSEPH FUSCO,

                    Plaintiff,

-VS-

MEGAN FUSCO,

                    Defendant.

---

**INTERIM ORDER**

Index No.: I2024000429

**NOTICE:**   **YOUR WILLFUL FAILURE TO OBEY THIS ORDER MAY, AFTER COURT HEARING, RESULT IN YOUR COMMITMENT OF JAIL FOR A TERM NOT TO EXCEED SIX (6) MONTHS, FOR CONTEMPT OF COURT.**

      **WHEREAS,** this matter having come before the Court on October 8, 2024 with

The Siragusa Law Office, Kristen H. Porpora, Esq., appearing with and for the

Defendant, Megan Fusco; the Plaintiff, Joseph Fusco, appearing *pro se*; and Attorney for

the Child, ██████████ ████████████████ and

    After hearing the parties' respective positions;

    **IT IS HEREBY:**

    ==**ORDERED** that the Plaintiff and Defendant shall cooperate and file for

bankruptcy== within three (3) weeks of October 8, 2024. Should this not be effectuated by

October 31, 2024, then the marital residence located at 211 West Bloomfield Road,

Pittsford, New York 14534 shall immediately be listed for sale; and it is further

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

Case 2-25-20363-PRW, Doc 34, Filed 08/18/25, Entered 08/18/25 14:45:40,
Description: Main Document , Page 21 of 31



Dated: *Oct. 22,* 2024       *James E. Walsh, Jr.*

Hon. James E. Walsh
Monroe County Supreme Court

ENTER.

2

**From:** rcstilwell@roadrunner.com
**Subject:** RE: Signature pages for court-ordered filing
**Date:** April 25, 2025 at 10:08 AM
**To:** hello@josephfus.co
**Cc:** Megan megrfusco@gmail.com



I received a call from Lisa Siragusa yesterday after sending this. She believes that Monday's court appearance is solely for reporting to the judge and there is no court ordered requirement (if there even can be such a thing) for litigants before her to file a bankruptcy by a given date or the house would be ordered sold.

If that is the case, there is no need as far as I'm concerned for you to rush into a filing that will only put pressure and may increase risks or amounts needing to be reviewed in the case.

I will await further clarification, but as of 10:08 this morning I have not received any signed documents from both of you and I will only proceed with a filing if you have both signed and confirmed your agreement to do so.

RAYMOND C. STILWELL, ESQ.
4476 Main Street, Suite 120
Amherst, New York 14226


(716) 634-8307
(716) 839-0714 fax

*In Rochester:* Special Counsel for
**Dawson Law Firm, P.C.**
1844 Penfield Road
Penfield, New York 14526

SUPREME COURT OF THE STATE OF NEW YORK
MONROE COUNTY

EXHIBIT 6

_____

JOSEPH M. FUSCO III,

                                   *Plaintiff,*

- *against* -

MEGAN R. FUSCO,

                                   *Defendant.*

_____

**PLAINTIFF'S AFFIRMATION
REGARDING COUNSEL'S
CONTRADICTORY POSITIONS**

Index No. I2024000429

I, Joseph M. Fusco III, affirm under penalty of perjury:

1. Opposing counsel drafted and the Court signed an order on October 22, 2024 (NYSCEF Doc 55) requiring both parties to cooperate and file bankruptcy.

2. On May 14, 2025, the same counsel filed an affirmation (NYSCEF Doc 176) stating: "court-ordered bankruptcy... is incorrect."

3. These positions are irreconcilable.

4. I relied on the validity of court orders to my detriment.

5. I have complied with all court orders. Defendant has not.

6. I reserve all rights.

                                   Respectfully submitted,

                                   /s/ Joseph M. Fusco III
                                   Dated: July 13, 2025

## SIRAGUSA LAW OFFICE
### 19 PRINCE STREET
### ROCHESTER, NY 14607
### (585) 504-2248



Lisa Siragusa, Esq.
lisa@siragusalawoffice.com

Kristen Porpora, Esq.
kporpora@siragusalawoffice.com

June 16, 2025

**SENT VIA EMAIL & NYSCEF**
Mr. Joseph Fusco

Re:   Joseph M. Fusco, III v. Megan R. Fusco
Index No. I2024000429

Dear Mr. Fusco:

As you are aware, Ms. Fusco is represented by my office. Any correspondence should be addressed to my office, and not to Ms. Fusco.

I am in receipt of your letter dated June 13, 2025. While I am fully aware that you filed Bankruptcy on the eve of your contempt hearing, the so called "terms" outlined in your very one-sided proposal letter, are rejected.

As you are fully aware, the marital residence remains subject to the pending matrimonial action, which is the proceeding that governs the equitable distribution of marital property. Your filing does not extinguish, preempt or otherwise override the jurisdiction of the New York Supreme Court over the ongoing matrimonial matter. It does not unilaterally divest Ms. Fusco of her legal rights with respect to her continued possession, occupancy or her equitable interest in the marital property. Your attempt to characterize the bankruptcy proceeding as a basis for compelling Ms. Fusco's immediate vacatur of the residence is both factually and legally incorrect.

Your continued demands for her to vacate, now under threat of Federal action and sanctions constitute improper coercion and mischaracterizes the scope of the bankruptcy court's authority. "Automatic stays" and provisions under 11 USC 362 and 542 do NOT serve as a mechanism to forcibly dispossess a spouse from jointly held property absent due process, proper notice and full adjudication of all marital property rights. Any attempt to proceed unilaterally or to invoke federal sanctions without judicial review will continue to be opposed and addressed through the appropriate legal channels.

These matters cannot and will not be resolved through your continued unilateral demands or threats. Your approach is both inappropriate and counterproductive to any meaningful

1

resolution. Ms. Fusco remains willing to engage in good faith negotiations through counsel. However, absent such discussion or Court Order otherwise, Ms. Fusco will remain in the marital residence which is within her lawful right.

Sincerely,

Kristen H. Porpora, Esq.

KHP/smk

cc:

2

**EXHIBIT 8**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

—————————————————————

JOSEPH M. FUSCO,

             Plaintiff,

vs.

MEGAN R. FUSCO,

             Defendant.

—————————————————————

**NOTICE OF MOTION**

Index No. I2024000429

| | |
|---|---|
| **APPLICATION BY:** | KRISTEN H. PORPORA, ESQ.<br>Attorney for Defendant<br>19 Prince Street, Rochester, New York 14607 |
| **TIME AND PLACE OF APPLICATION:** | At the Monroe County Family Court, Hall of Justice, 99 Exchange Blvd, Rochester, NY at 9:30 in the ~~morning~~/forenoon thereof, or as soon as counsel can be heard, on the 16th day of Sept 2025, before the Honorable ~~~~ John B. Gallagher, Jr. of the Monroe County Supreme Court. *via Teams* |
| **RELIEF DEMANDED:** | 1. An Order Granting sanctions to the Defendant under 22 NYCRR Part 130 for the Plaintiff's frivolous conduct;<br><br>2. Granting an award of attorney's fees to the Defendant, to be paid by the Plaintiff;<br><br>3. An Order deeming the Plaintiff a vexatious litigant and limiting his future filings; and<br><br>4. Renewal of the Defendant's Contempt Motion filed November 5, 2024.<br><br>5. For such other and further relief as the Court deems just and proper. |
| **SUPPORTING PAPERS:** | Attorney Affirmation, Client Affirmation |
| **ANSWERING PAPERS:** | Any answering Affidavits and/or Notice of Cross motion with supporting papers, if any, shall be served upon the undersigned attorneys at least 7 |

days prior to the return date of this Motion pursuant
to CPLR 2214(b).

DATED: _Jully 18_, 2025

KRISTEN H. PORPORA, ESQ.
Defendant, Megan Fusco

KRISTEN H. PORPORA, ESQ.
19 Prince Street
Rochester, New York 14607
585-504-2248
KPorpora@siragusalawoffice.com

TO: Joseph Fusco, *Pro Se Plaintiff*
███████████ *Attorney for the Child*

–2–



### SIRAGUSA LAW OFFICE
*of Counsel to Brown, Gruttadaro and Prato, PLLC.*
19 PRINCE STREET
ROCHESTER, NY 14607
(585) 504-2248

Lisa Siragusa, Esq.
lisa@siragusalawoffice.com

Kristen Porpora, Esq.
kporpora@siragusalawoffice.com

August 6, 2025

Hon. John B. Gallagher
Supreme Court, Monroe County
99 Exchange Blvd.
Rochester, New York 14614

Re:     Fusco v Fusco

Dear Judge Gallagher:

I write this letter out of necessity, frustration and growing exasperation. As you are aware, since this matter was transferred to you on August 4, 2025,-barely two days ago-, Mr. Fusco has continued to embark on his filing spree. The filings include a letter to the Court just 4 hours after our Court appearance to revisit arguments made during the Court appearance on August 4, 2025, as well as addressed in his multiple prior filings with this Court, and as well as in his voluminous filings with the Appellate Division. All of which have been denied.

And just last night at 7pm,. Mr. Fusco filed *yet another motion*- this one reaching new heights. He now seeks to "Disqualify this firm from representation of Ms. Fusco, "Direct Disgorgement of all attorney fees", "Compel production of records" , "Sanctions", "Permanently Enjoining Ms. Siragusa from collection", "Referring this matter to the Attorney Grievance Committee" and to "the Appellate Division for the Attorney for the Child Program".

The relentless volume of filings, the refusal to take directives from the Court, the ongoing attempt to relitigate every unfavorable decision cannot be considered anything short of vexatious litigation and at this point, harassment. The continued need to control the narrative, the inability for Mr. Fusco to set aside his own agenda and to continue to financially abuse the Defendant is beyond anything that I have dealt with in my 17 years of practicing. I can confidently say I have never encountered such financial manipulation before.

If Mr. Fusco put forth even an *eighth* of the effort into a resolution that he puts into his frivolous filings and financial manipulation, this matter might have resolved months ago. But instead, here we are again, forced to respond to the frivolous filings while he focuses his efforts on trying to intimidate and use AI motions to continue to drain my client of funds; Funds better used for the child who has been, and continues to be, so negatively impacted by this litigation.

I, therefore, renew my Motion for Attorney fees and ask that the Court deem the Plaintiff a vexatious litigant.

Very truly,

Kristen H. Porpora, Esq.

# Client ledger report (02/06/2025)

**EXHIBIT 10**

Megan R. Fusco

**Trust**

| Date | Source/Destination | Reference | Matter | Funds Out | Funds In | Balance |
|---|---|---|---|---|---|---|
| 03/26/2024 | Check | 1015 | 00389-Fusco | - | $3,900.00 | $3,900.00 |
| 04/26/2024 | Transferred to: Operating for invoice #2236 | - | 00389-Fusco | $3,080.00 | - | $820.00 |
| 05/31/2024 | Transferred to: Operating for invoice #2372 | - | 00389-Fusco | $820.00 | - | $0.00 |
| 07/16/2024 | Card payment | - | 00389-Fusco | - | $7,500.00 | $7,500.00 |
| 07/19/2024 | Transferred to: Operating for invoice #2372 | - | 00389-Fusco | $1,371.35 | - | $6,128.65 |
| 07/19/2024 | Transferred to: Operating for invoice #2440 | - | 00389-Fusco | $2,147.50 | - | $3,981.15 |
| 07/19/2024 | Transferred to: Operating for invoice #2520 | - | 00389-Fusco | $1,795.00 | - | $2,186.15 |
| 08/30/2024 | Transferred to: Operating for invoice #2733 | - | 00389-Fusco | $2,186.15 | - | $0.00 |
| 10/14/2024 | Card payment | - | 00389-Fusco | - | $7,500.00 | $7,500.00 |
| 10/18/2024 | Transferred to: Operating for invoice #2733 | - | 00389-Fusco | $383.85 | - | $7,116.15 |
| 10/18/2024 | Transferred to: Operating for invoice #2999 | - | 00389-Fusco | $735.00 | - | $6,381.15 |
| 10/18/2024 | Transferred to: Operating for invoice #3068 | - | 00389-Fusco | $4,485.00 | - | $1,896.15 |
| 10/31/2024 | Card payment | - | 00389-Fusco | - | $5,000.00 | $6,896.15 |
| 11/15/2024 | Transferred to: Operating for invoice #3206 | - | 00389-Fusco | $5,415.00 | - | $1,481.15 |
| 12/13/2024 | Transferred to: Operating for invoice #3471 | - | 00389-Fusco | $1,481.15 | - | $0.00 |
| 01/06/2025 | Card payment | - | 00389-Fusco | - | $8,000.00 | $8,000.00 |
| 01/17/2025 | Transferred to: Operating for invoice #3471 | - | 00389-Fusco | $1,538.85 | - | $6,461.15 |
| 01/24/2025 | Transferred to: Operating for invoice #3955 | - | 00389-Fusco | $6,461.15 | - | $0.00 |
| 01/27/2025 | Card payment | - | 00389-Fusco | - | $10,000.00 | $10,000.00 |
| | | | **Closing Balance:** | **$31,900.00** | **$41,900.00** | **$10,000.00** |

**Operating**

| Date | Source/Destination | Reference | Matter | Funds Out | Funds In | Balance |
|---|---|---|---|---|---|---|
| 04/26/2024 | Transferred from: Trust for invoice #2236 | - | 00389-Fusco | - | $3,080.00 | $3,080.00 |
| 04/26/2024 | Fees earned from matter balance in: Trust | - | 00389-Fusco | $3,080.00 | - | $0.00 |
| 05/31/2024 | Transferred from: Trust for invoice #2372 | - | 00389-Fusco | - | $820.00 | $820.00 |
| 05/31/2024 | Fees earned from matter balance in: Trust | - | 00389-Fusco | $820.00 | - | $0.00 |
| 07/19/2024 | Transferred from: Trust for invoice #2372 | - | 00389-Fusco | - | $1,371.35 | $1,371.35 |
| 07/19/2024 | Fees earned from matter balance in: Trust | - | 00389-Fusco | $1,371.35 | - | $0.00 |
| 07/19/2024 | Transferred from: Trust for invoice #2440 | - | 00389-Fusco | - | $2,147.50 | $2,147.50 |
| 07/19/2024 | Fees earned from matter balance in: Trust | - | 00389-Fusco | $2,147.50 | - | $0.00 |
| 07/19/2024 | Transferred from: Trust for invoice #2520 | - | 00389-Fusco | - | $1,795.00 | $1,795.00 |
| 07/19/2024 | Fees earned from matter balance in: Trust | - | 00389-Fusco | $1,795.00 | - | $0.00 |
| 08/30/2024 | Transferred from: Trust for invoice #2733 | - | 00389-Fusco | - | $2,186.15 | $2,186.15 |
| 08/30/2024 | Fees earned from matter balance in: Trust | - | 00389-Fusco | $2,186.15 | - | $0.00 |
| 10/18/2024 | Transferred from: Trust for invoice #2733 | - | 00389-Fusco | - | $383.85 | $383.85 |
| 10/18/2024 | Fees earned from matter balance in: Trust | - | 00389-Fusco | $383.85 | - | $0.00 |

| Date | Description | | Account | | | |
|---|---|---|---|---|---|---|
| 10/18/2024 | Transferred from: Trust for invoice #2999 | - | 00389-Fusco | - | $735.00 | $735.00 |
| 10/18/2024 | Fees earned from matter balance in: Trust | - | 00389-Fusco | $735.00 | - | $0.00 |
| 10/18/2024 | Transferred from: Trust for invoice #3068 | - | 00389-Fusco | - | $4,485.00 | $4,485.00 |
| 10/18/2024 | Fees earned from matter balance in: Trust | - | 00389-Fusco | $4,485.00 | - | $0.00 |
| 11/15/2024 | Transferred from: Trust for invoice #3206 | - | 00389-Fusco | - | $5,415.00 | $5,415.00 |
| 11/15/2024 | Fees earned from matter balance in: Trust | - | 00389-Fusco | $5,415.00 | - | $0.00 |
| 12/13/2024 | Transferred from: Trust for invoice #3471 | - | 00389-Fusco | - | $1,481.15 | $1,481.15 |
| 12/13/2024 | Fees earned from matter balance in: Trust | - | 00389-Fusco | $1,481.15 | - | $0.00 |
| 01/17/2025 | Transferred from: Trust for invoice #3471 | - | 00389-Fusco | - | $1,538.85 | $1,538.85 |
| 01/17/2025 | Fees earned from matter balance in: Trust | - | 00389-Fusco | $1,538.85 | - | $0.00 |
| 01/24/2025 | Transferred from: Trust for invoice #3955 | - | 00389-Fusco | - | $6,461.15 | $6,461.15 |
| 01/24/2025 | Fees earned from matter balance in: Trust | - | 00389-Fusco | $6,461.15 | - | $0.00 |
| | | | **Closing Balance:** | $31,900.00 | $31,900.00 | $0.00 |
| | | | **Client Total:** | $63,800.00 | $73,800.00 | $10,000.00 |

## Balance Summary

| Account Name | Last Activity Date | Account Balance |
|---|---|---|
| Operating | 02/05/2025 | $2,984,392.22 |
| Trust | 02/04/2025 | $364,390.94 |
| | | **$3,348,783.16** |