UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re | Case no. 3-25-20363-PRW |
|     Jospeh M. Fusco III | Chapter 7 |
|         Debtor | SSN: xxx-xx-4483 |
| | **Response to sanctions motion and Cross-motion for sanctions** |

The debtor filed a chapter 7 petition on May 15, 2025. He now seeks sanctions for an alleged violation of the automatic stay.

**Background** In 2024, the debtor started a divorce action against his wife, Megan R. Fusco, in Supreme Court, Monroe County. The wife's attorney in that divorce action is Lisa S. Siragusa. The debtor had two different attorneys representing him and then continued pro se.

**Attorney fees application was made in February, before the bankruptcy petition** The judge, Hon. Gail A. Donofrio, had already granted the wife's motion for attorney fees against the debtor before the debtor filed for bankruptcy. The motion for attorney fees was filed in Supreme Court on February 10, 2025; Judge Donofrio heard the motion on April 28, 2025, granting the request.

1

**Order – not judgment – was submitted, with no further action**

On May 16, 2025, one day after the debtor's bankruptcy filing, the wife's law office filed a one-page written order for attorney fees that Judge Donofrio had already granted. Judge Donofrio signed the order the same day, May 16, 2025. It should be noted that the submitted document was an order, not a judgment. The wife's attorney has taken no action on the order, has not served the order on the debtor or anyone else connected to the debtor, or in any other way sought to collect. The wife's law office forebore from any further steps. It is submitted that filing a written order based upon an earlier ruling, without further action, is de minimis and does not violate the automatic stay. No conceivable damages from filing an order occurred as a result.

The debtor's memorandum of law, p. 1, incorrectly terms the order to be a "judgment." The debtor's memorandum, p. 2, also incorrectly asserts that ". . . Respondents continued its enforcement." The order has never been "enforced."

**Attorney fees award not dischargeable** Under prevailing caselaw in this Circuit, an award of attorney fees in a family law case is a

2

nondischargeable support obligation. *In re Madiggan*, 312 F.3d 589 (2d Cir. 2002); *In re Spong*, 661 F.2d 6 (2d Cir. 1982).

**Debtor's location** Upon information and belief, the debtor resides in Ithaca, New York, while claiming his postal address to be the marital residence in Pittsford, New York. The wife and 11-year-old daughter continue to reside at the marital residence.

### Cross-motion by attorney for sanctions against debtor

The debtor's application for sanctions is itself sanctionable. F.R.B.P. 9011. His application is part of a much larger effort in various courts to harass his wife and his wife's attorney.

The debtor's papers in this court request disqualifying the wife's law firm from the divorce action, the asserted ground being "creditor conflict." It should be noted that disqualifying Ms. Siragusa is the same relief that the debtor is seeking in the Appellate Division and also in state Supreme Court. In all courts, his actions are consistent.

**Debtor's abuse of court process** Aside from the bankruptcy proceeding, the debtor has been involved in other significant legal activity involving his wife Megan. In the divorce action that he started,

3

he has been represented by two different attorneys and has also represented himself twice pro se, including at present. In the bankruptcy proceeding, his original attorney withdrew from representation.

**Two appeals and a third proceeding in the Appellate Division**

During the pendency of the divorce action, the debtor has filed two notices of appeal from temporary orders of Judge Donofrio, and sought stays from the Appellate Division, Fourth Department, on both. Both stay applications were denied earlier this year. Nothing further has happened on either state court appeal.

Additionally, in the Fourth Department, the debtor has most recently filed (again, pro se) an "original proceeding," a C.P.L.R. article 78 proceeding, naming as respondents Justice Donofrio, Lisa S. Siragusa, and another attorney in Ms. Siragusa's office. The purported basis of his article 78 proceeding is alleged "systemic corruption."

In the article 78 proceeding, Ms. Siragusa has responded with a motion to dismiss that is now pending in the Appellate Division. The motion alleges that the debtor is performing misleading legal research via

4

ChatGPT (artificial intelligence). Significantly, the debtor's responding papers to the motion to dismiss do not deny this.

Thus far, three different state court judges in Supreme Court have presided over the underlying divorce action: Honorable James E. Walsh, Jr., Honorable Gail A. Donofrio, and now Honorable John B. Gallagher, Jr.

While the debtor has been acting pro se in the divorce action, recently an attorney was appointed to represent the debtor in Supreme Court pursuant to Domestic Relations Law § 35, limited to the issue of child custody only.

**Additional federal activity** In addition to the debtor's sanctions motion before Judge Bucki, another motion brought by the debtor is also pending, before Judge Warren, returnable September 11. That is a motion for determination of property interests.

In sum, the debtor has been using various different legal forums to prevent the divorce action that he began from going forward and has done whatever he can do to harass and cause extra expense to his wife. And to the detriment of their daughter. He has demonstrated an

5

inability to work with an attorney. Collectively, his efforts constitute an astonishing waste of judicial resources, both state and now federal.

A frivolous request for sanctions, as made by the debtor in this proceeding, is itself frivolous and sanctionable. *Safe-Strap Co., Inc. v Koala Corp.,* 270 F. Supp. 2d 407, 421 (S.D.N.Y. 2003).

A court on its own initiative may order a party to show cause why conduct has not violated the sanctions rule. F.R.C.P. 11(c)(3). A pro se litigant is subject to sanctions. There is a demonstrated need for deterrence in this case.

WHEREFORE, Lisa S. Siragusa requests that the debtor's motion be denied, and that sanctions under F.R.B.P. 9011 be imposed against the debtor.

Affirmed under penalty of perjury.

Respectfully submitted,

Bryanne Jones and Gary Muldoon
Attorneys for Lisa Siragusa
Kaman Berlove, LLP
135 Corporate Woods, Suite 300
Rochester, NY 14623
(585) 325-7440   bjones@kamanesq.com, gmuldoon@kamanesq.com
September 4, 2025

6

Case 2-25-20363-CLB,   Doc 64,   Filed 09/04/25,   Entered 09/04/25 23:24:02,
Description: Main Document  , Page 6 of 6