UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re | Case no. 3-25-20363-PRW |
|     Jospeh M. Fusco III | Chapter 7 |
|     Debtor | SSN: xxx-xx-4483 |
| | **Supplemental response to sanctions motion and Cross-motion for sanctions** |

On September 11, 2025, Debtor's pro se "emergency" motion for determination of property interests under 11 U.S.C. § 541 (ECF Nos. 21, 27, 35, 39) and "emergency" motion for sanctions against Tesla for willful violations of the automatic stay (ECF Nos. 22, 28, 36, 40, 46) were heard in Rochester by Judge Paul Warren. Judge Warren made a finding on the record that Debtor clearly used artificial intelligence in creating his motions and made false representations to the Court. Debtor's motions were denied in all respects (ECF Nos. 72, 73, 74, 75). Had Tesla responded, the judge would have awarded sanctions against Debtor. The judge further barred Debtor from filing under any Chapter without prior permission from Judge Warren, and cautioned Debtor to tread lightly in his court.

**Failure to demonstrate actual damages** Debtor failed to demonstrate he suffered actual damages resulting from Tesla's alleged violations. Relying on the Court's ruling in *In re Crowder*, Case No. 16-20440-PRW, 2016 Bankr. LEXIS 2307 (Bankr. W.D.N.Y. June 16, 2016)—a case Debtor misapplied in his motion papers—the Court denied the motion with prejudice and on the merits.

**Application of *Rooker-Feldman* doctrine** The *Rooker-Feldman* doctrine establishes that federal district courts lack jurisdiction over suits that are, in substance, appeals from state court judgments. The doctrine promotes firmly held notions of federalism and comity by preserving the integrity of the state court decision-making process and operates principally to preserve the structure of appeals from state courts to the United States Supreme Court and to bar any proceeding that would functionally amount to a lateral appeal to a federal district court. When a case seeks review of a state court judgment or is inextricably intertwined with a state court judgment, federal courts, with the exception of the United States Supreme Court, lack subject matter jurisdiction to decide the matter.

Thus, *Rooker-Feldman* prohibits the lower federal courts from exercising subject-matter jurisdiction over complaints filed by state court losers who complain about injuries caused by a state court judgment and invite the federal court to engage what in substance would be appellate review of the state judgment, because only the United States Supreme Court has jurisdiction to conduct such reviews. Larsen, Navigating the Federal Trial § 18.11; C.J.S., Courts § 283.

***Rooker-Feldman* application in bankruptcy matters** The doctrine applies to bankruptcy courts so as to prevent them from exercising subject matter jurisdiction over claims previously adjudicated in state court or claims inextricably intertwined with matters adjudicated in state court. *In re Knapper*, 407 F.3d 573 (3d Cir. 2005). Judge Warren relied on this doctrine in denying yet another of Debtor's attempts to appeal a state court decision related to a marital property.

**No willful violation** The Debtor has pursued his wife Megan, Megan's attorneys, and the Supreme Court judges involved in the underlying divorce proceedings in state court, the Fourth Department Appellate Division, and now federal court. This is laid out in Megan Fusco's Response to motion (on property interests) (ECF No.70) and Response

to sanctions motion and Cross-motion for sanctions (ECF No. 64). The law is well settled that the act of submitting an order is a ministerial act. *In re Capgro Leasing Associates* (Bankr. E.D.N.Y. at Westbury June 30, 1994) (signing and entering of judgment upon state court's docket, after debtor's Chapter 11 filing, were "ministerial acts" or "rote functions" not barred by the automatic stay, as they took place after the judicial function had been completed). Here, Debtor again fails to demonstrate any actual damages resulting from the alleged violations. Awarding sanctions against Debtor would be consistent with Judge Warren's September 11th findings. The Debtor is abusing the court system. There needs to be an end to this colossal waste of time and resources.

A frivolous request for sanctions, as made by Debtor in this proceeding, is itself frivolous and sanctionable. *Safe-Strap Co., Inc. v Koala Corp.*, 270 F. Supp. 2d 407, 421 (S.D.N.Y. 2003).

A court on its own initiative may order a party to show cause why conduct has not violated the sanctions rule. F.R.C.P. 11(c)(3). A pro se litigant is subject to sanctions. There is a demonstrated need for deterrence in this case.

WHEREFORE, Lisa S. Siragusa requests that Debtor's motion be denied, and that sanctions under F.R.B.P. 9011 be imposed against the debtor.

Affirmed under penalty of perjury.

Respectfully submitted,

*/s/ Bryanne Jones*  */s/ Gary Muldoon*
Bryanne Jones and Gary Muldoon
Attorneys for Lisa Siragusa
Kaman Berlove, LLP
135 Corporate Woods, Suite 300
Rochester, NY 14623
(585) 325-7440   bjones@kamanesq.com, gmuldoon@kamanesq.com
September 12, 2025