# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NEW YORK

In Re:

    Joseph M. Fusco III

                Debtor(s)

Case No.: 2-25-20363-PRW
Chapter: 7

SSN: xxx-xx-4483

## ORDER

The debtor in this Chapter 13 case has filed a motion to impose sanctions on Lisa S. Siragusa, Esq., Kristen H. Popora, Esq., and the Siragusa Law Office for a willful violation of the automatic stay of 11 U.S.C. § 362(a). However, the debtor's motion overlooks the exception established under 11 U.S.C. § 362(b)(2). In relevant part, this later section states that the filing of a bankruptcy petition "does not operate as a stay . . . of the commencement or continuation of a civil action or proceeding . . . for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate."

The burden of proof to establish any violation of the automatic stay falls upon the debtor. In the present instance, all of respondents' conduct arose in the context of their representation of the debtor's spouse in a divorce proceeding. The debtor asserts that such representation included efforts to impose civil penalties against the debtor and to determine access to personal property. The debtor offers no proof, however, that respondents ever sought a determination of property ownership or the imposition of a lien on estate assets. Consequently, the debtor has failed to establish any activity that would fall outside the exceptions to a stay violation, as those exceptions are stated in 11 U.S.C. § 362(b).

The respondents have also cross moved for the imposition of sanctions against the debtor. The Court is particularly concerned about Mr. Fusco's reliance on cases that either do not exist or that at least were not reported under the submitted citations. In this regard, the debtor acknowledges that he secured these case references through the use of what he refers to as an "AI" platform. We admonish the debtor that many forums of artificial intelligence are unreliable and create output that is inaccurate. Nonetheless, because Mr. Fusco is appearing pro se and may not have appreciated these limitations, we decline to impose sanctions at this time.

The Court has carefully studied all of the written and oral arguments of the debtor, and finds no basis to impose sanctions for a violation of the automatic stay. For the reasons stated herein, the debtor's motion for sanctions and the respondent's cross-motion are both denied.

So ordered.

Dated:      SEP 1 7 2025

                                        **HONORABLE CARL L. BUCKI**
                                        Chief Judge, United States Bankruptcy Court

FILED
SEP 1 7 2025
BANKRUPTCY COURT
BUFFALO, NY