UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

FILED
2025 SEP 29 PM 2: 30
U.S. BANKRUPTCY COURT
ROCHESTER

In Re:

    JOSEPH M. FUSCO III,

        *Debtor.*

Case No. 2-25-20363-PRW

Chapter 7[1]

## NOTICE OF MOTION
(Motion to Alter or Amend Under F.R.B.P. 9023)

PLEASE TAKE NOTICE that Debtor Joseph M. Fusco III moves this Court at the Robert H. Jackson U.S. Courthouse, 2 Niagara Square, Buffalo, New York 14202, before the Honorable Carl L. Bucki, Chief United States Bankruptcy Judge, on **October 20, 2025, at 11:30 a.m.**, for an order pursuant to Federal Rule of Bankruptcy Procedure 9023 altering or amending the Court's September 17, 2025 Order (ECF No. 87):

1. Correcting the Order's clear error in identifying this Chapter 7 case as "Chapter 13";
2. Finding the Court incompletely cited 11 U.S.C. § 362(b)(2)(A)(iv) by omitting "except to the extent that such proceeding seeks to determine the division of property that is property of the estate";
3. Finding this omission inverted the statute's meaning, as the exception explicitly does NOT apply to property of the estate;
4. Finding the Court's analysis would require different outcome with complete statutory text, as estate property cannot be subject to divorce court division;
5. Finding the Trustee's abandonment under 11 U.S.C. § 554(a) establishes the property as estate property;
6. Finding Respondents' May 16, 2025 submission of a $15,000 fee order one day after bankruptcy notice violates 11 U.S.C. § 362(a)(6);
7. Finding no "de minimis" exception exists to the automatic stay's absolute prohibition;
8. Finding that enforcement of stay violations for 134 days creates continuing violations warranting per diem sanctions;
9. Awarding actual damages of $57,800 pursuant to 11 U.S.C. § 362(k)(1);
10. Awarding punitive damages of $350,000 pursuant to 11 U.S.C. § 362(k)(1);
11. Alternatively, certifying questions of statutory interpretation to the Circuit if primary grounds are rejected;
12. Granting such other relief as the law requires and equity demands.

---

[1] The Court's Order (ECF No. 87) incorrectly identifies this as a "Chapter 13 case." This proceeds under Chapter 7.

The Motion to Alter or Amend Judgment Pursuant to Rule 9023 is attached hereto. Answering papers, if any, shall be served upon the undersigned and filed with the Court as soon as possible, but in no event later than three (3) days before the return date.

Dated: September 26, 2025

Joseph M. Fusco III
Pro Se Debtor
211 W Bloomfield Road
Pittsford, NY 14534
(585) 317-1707
hello@josephfus.co

TO:

Bryanne Jones, Esq.
Gary Muldoon, Esq.
Kaman Berlove LLC
135 Corporate Woods, Suite 300
Rochester, NY 14623

Kenneth W. Gordon, Trustee
625 Honeoye Falls Five Points Road
Honeoye Falls, NY 14472

United States Trustee
Olympic Towers
300 Pearl Street, Suite 401
Buffalo, NY 14202

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In Re:

JOSEPH M. FUSCO III,

*Debtor.*

Case No. 2-25-20363-PRW

Chapter 7[2]

# MOTION TO ALTER OR AMEND JUDGMENT
# PURSUANT TO RULE 9023

Debtor Joseph M. Fusco III respectfully moves this Court to alter or amend its September 17, 2025 Order (ECF No. 87) denying sanctions for violations of the automatic stay.

Rule 9023 permits alteration for clear error of law. The Court committed clear error by incompletely citing 11 U.S.C. § 362(b)(2).

The Court's Order states § 362(b)(2) provides an exception for "the dissolution of a marriage property of the estate." This omits the critical limiting language: **"except to the extent that such proceeding seeks to determine the division of property that is property of the estate."** 11 U.S.C. § 362(b)(2)(A)(iv). By omitting this language, the Court inverted the statute's meaning. The exception explicitly does NOT apply to **property of the estate.**

On September 16, 2025—one day before this Court's Order—the Trustee filed his Report stating: Assets Abandoned: $475,204.00, consisting primarily of the debtor's residence appraised at $535,000 (ECF No. 86). Under § 554(a), a trustee may abandon "property of the estate." The abandonment establishes the property was estate property.

The Court's interpretation creates statutory impossibility: property cannot simultaneously be (1) "property of the estate" for abandonment under § 554(a) and (2) not "property of the estate" for the § 362(b)(2) exception. Both provisions use identical statutory language that must be interpreted consistently. *United Sav. Ass'n v. Timbers of Inwood Forest*, 484 U.S. 365, 371 (1988) (identical words in same statute carry same meaning).

Moreover, this interpretation creates a Supremacy Clause issue. If state courts can determine "property of the estate" contrary to the Trustee's § 554(a) determination, it effectively allows state law to override federal bankruptcy administration. U.S. Const. art. VI, cl. 2.

Additionally, the January 10, 2025 exclusive use order was entered without any motion filed in NYSCEF. Orders entered without notice and opportunity to be heard violate due process and are void. *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965), (holding ex parte deprivation of property interest violates due process; principle applies with greater force in bankruptcy given § 362's protective purpose). A void order cannot support any exception to the automatic stay.

---

[2] The Court's Order (ECF No. 87) incorrectly identifies this as a "Chapter 13 case." This proceeds under Chapter 7.

1

Additionally, Respondent's May 15, 2025 demand for Debtor's vehicle keys—estate property under § 541—constitutes a separate willful violation.

Submitting a proposed order for judicial signature constitutes "an act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a)(6). One day after receiving bankruptcy notice, Respondents presented their $15,000 fee order to Judge Gail A. Donofrio—who has since recused—for signature. No final divorce exists. The May 16 order awards fees to counsel personally, not as temporary support or property division. Pendente lite fees transformed into personal payment obligations are debt collection, not "dissolution of a marriage."

The May 16 order created a creditor-debtor relationship between Respondent and Debtor. Respondent-creditor now exercises control over estate property through representation of the non-debtor occupant, preventing Debtor's access to his only residence and workplace. This creates a clear violation where a creditor exercises dominion over property of the estate in violation of both § 362(a)(3) (exercising control over estate property) and § 362(a)(6) (act to collect a claim).

Section 362(k)(1) mandates injured individuals "shall recover actual damages." Debtor has been excluded from his residence where his minor child resides while a non-contributing client of Respondent-creditor occupies the property. From May 15, 2025: lost use value based on comparable 5-bedroom Pittsford properties ($200/day × 134 days = $26,800); carrying costs for inaccessible property per Schedules I&J ($4,000 × 4 months = $16,000); May 16 order ($15,000). Total actual damages: $57,800.

Estate versus non-estate property determines federal versus state jurisdiction. This error affects substantial rights.

Given Respondents' sophistication and assets ($3.35 million per state court filings) and obtaining judgment one day after bankruptcy notice, punitive damages of $350,000 are appropriate to deter willful violations.

WHEREFORE, Debtor respectfully requests this Court:

1. Alter or amend its September 17, 2025 Order;
2. Find that the complete text of § 362(b)(2)(A)(iv) excludes estate property from the divorce exception;
3. Find that the Trustee's abandonment under § 554(a) establishes the property as estate property;
4. Find that Respondent's control over estate property through representation of occupant while holding creditor status violates § 362(a)(3);
5. Find that the January 10, 2025 order is *void ab initio* for lack of notice;
6. Find that obtaining the May 16, 2025 judgment violated § 362(a)(6);
7. Award actual damages of $57,800 pursuant to § 362(k)(1);
8. Award punitive damages of $350,000;
9. In the alternative, should this Court disagree with any primary ground, Debtor requests specific findings on: (1) whether the Trustee's § 554(a) abandonment establishes estate property; (2) whether the January 10 order's entry without motion violates due process;

(3) whether the May 16 order for $15,000 to debtor personally, constitutes debt collection under § 362(a)(6);
10. Grant such other relief as just and proper.

Respectfully Submitted,

Dated: September 26, 2025

Joseph M. Fusco III
Pro Se Debtor
211 W Bloomfield Road
Pittsford, NY 14534
(585) 317-1707
hello@josephfus.co

## TABLE OF AUTHORITIES

### CASES

*Armstrong v. Manzo,* 380 U.S. 545 (1965)

*United Sav. Ass'n v. Timbers of Inwood Forest,* 484 U.S. 365 (1988)

### STATUTES

11 U.S.C. § 362(a)(3)
11 U.S.C. § 362(a)(6)
11 U.S.C. § 362(b)(2)
11 U.S.C. § 362(b)(2)(A)(iv)
11 U.S.C. § 362(k)(1)
11 U.S.C. § 541
11 U.S.C. § 554(a)

### CONSTITUTIONAL PROVISIONS

U.S. Const. art. VI, cl. 2 (Supremacy Clause)

### RULES

Federal Rule of Bankruptcy Procedure 9023

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In Re:

    JOSEPH M. FUSCO III,

           *Debtor.*

Case No. 2-25-20363-PRW

Chapter 7

---

## CERTIFICATE OF SERVICE

I, Joseph M. Fusco III, hereby certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that on September 29, 2025, I am filing the following document:

**MOTION TO ALTER OR AMEND JUDGMENT
PURSUANT TO RULE 9023**

with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all ECF participants. I further certify that I have served or am serving copies via USPS Certified Mail.

**U.S. Trustee**
Olympic Towers
300 Pearl Street, Suite 401
Buffalo, NY 14202

Dated: September 29, 2025

Joseph M. Fusco III
Pro Se Debtor
211 W Bloomfield Road
Pittsford, NY 14534
(585) 317-1707
hello@josephfus.co