UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

_____

In re:

Joseph M. Fusco, III                          Chapter 7
                                                     Case No.  25-20363-CLB

                        Debtor.

_____

UNITED STATES TRUSTEE'S MOTION TO DISMISS CHAPTER 7 CASE
FOR CAUSE PURSUANT TO 11 U.S.C. § 707(a) and FAILURE TO APPEAR PURSUANT
TO 11 U.S.C. § 343

TO THE HONORABLE CARL L. BUCKI, CHIEF UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 2, William K. Harrington, (the "United States Trustee") in furtherance of his administrative responsibilities under 28 U.S.C. § 586(a)(3)(G), hereby respectfully moves this Court for an order dismissing this case for cause pursuant to 11 U.S.C. § 707(a) and for the debtor's failure to appear pursuant to 11 U.S.C. § 343.  In support of this motion, the United States Trustee represents and alleges as follows:

        1.         The debtor, Joseph M. Fusco, III ("Mr. Fusco"), filed a voluntary petition commencing a case under Chapter 7 on May 15, 2025.  Ms. Fusco filed his petition with counsel David H. Ealy ("Mr. Ealy").

        2.         On May 16, 2025 the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Notice of Appointment of interim Trustee Kenneth Gordon ("Mr. Gordon") with 341 (a) meeting to be held on June 24, 2025 at 9:30 AM via Zoom (See ECF Doc 8).

        3.         At the 341 First Meeting of Creditors on June 24, 2025 Mr. Fusco failed to appear at the First Meeting of Creditors and failed to provide the necessary documents to allow Mr.

Gordon to hold the 341 First Meeting of Creditors. Mr. Gordon adjourned the meeting until August 5, 2025.

4. On August 5, 2025, Mr. Fusco appeared with Mr. Ealy, but did not provide the necessary documents to allow Mr. Gordon to conduct the 341 Meeting of Creditors at that time. The meeting was further adjourned until September 16, 2025.

5. On August 6, 2025, an Order Granting Stipulation to Extend Time to Object to the Debtor's Discharge was extended until October 31, 2025. (See ECF Doc. 18).

6. On August 15, 2025, a Consent to Substitute Attorney form was filed and the attorney of record is now Joseph M. Fusco, III, pro se.

7. On September 16, 2025, Mr. Fusco was again absent at the adjourned 341 Meeting of Creditors and failed to provide the necessary documents to allow Mr. Gordon to conduct the 341 Meeting at that time.

### Debtors Must Appear and Be Examined Under Oath

8. The Bankruptcy Code and Rules clearly require all debtors to attend a meeting of creditors where they may be examined under oath by the trustee and by their creditors. Specifically, 11 U.S.C. § 343 provides, in pertinent part, that "[t]he Debtor **SHALL APPEAR** and **SUBMIT** to examination under oath at the meeting of creditors under section 341(a) of this title." (*Emphasis supplied*).

9. Similarly, Fed. R. Bankr. P. 4002(a)(1) states, in pertinent part, that "[i]n addition to performing other duties prescribed by the Code and Rules, the debtor **SHALL**: (1) **ATTEND** and **SUBMIT** to an examination at the times ordered by the court; ..." (*Emphasis supplied*). The requirement that debtors submit to examination is to protect the interests of creditors. In re Roberta Cherry, 2013 WL 1352294 at 3 (Bankr. D. Dist. Col., April 2013).

10. Mr. Fusco's failure to appear at the meeting of creditors is grounds for dismissal under 11 U.S.C. §§ 343 and 707(a). <u>See</u> In re Bresler, 119 B.R. 400 ( Bankr. E.D.N.Y. 1990).

11. Mr. Fusco has also failed to provide his tax returns for the most recent year ending.

**STATEMENT OF APPLICABLE STATUTE AND RULES**
**Dismissal for Abuse Pursuant to 11 U.S.C. § 707(a)**

12. Section 707(a) of the Bankruptcy Code provides that a court may dismiss a case under this chapter only for cause, including 1) unreasonable delay that is prejudicial to creditors; 2) nonpayment of any fees; and 3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States Trustee.

13. Mr. Fusco's failure to provide the most recent tax returns to Mr. Gordon constitutes for dismissal according to 11 U.S.C. § 521(e)(2)(A)(i) the debtor shall provide not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed; and (B) if the debtor fails to comply with clause (i) or (ii) of subparagraph (A), the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor.

14. No prior application seeking similar relief has been made by the United States Trustee or any other party.

WHEREFORE the United States Trustee respectfully requests this Court dismiss this case for the reasons set forth above and for such other relief as this Court deems appropriate.

    Respectfully submitted,
William K. Harrington,
UNITED STATES TRUSTEE

Dated: October 31, 2025    By: /s/*Erin Champion*
Erin Champion
Assistant United States Trustee
100 State Street, Room 4230
Rochester, NY 14614
(202) 567-1558